IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LYVERIA HOPSON-LLOYD, ET AL., | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | CASE NO. 3:18-CV-1285-S-BK |
| | § | |
| JIMMY D. JONES, ET AL., | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On October 24, 2018, this case was referred to the United States magistrate judge for pretrial management. Doc. 43. Plaintiffs filed this action alleging, *inter alia*, various constitutional violations against Defendants under 42 U.S.C. § 1983. Doc. 1. As is relevant here, several Defendants subsequently filed motions to transfer this case to the United States Court for the Eastern District of Texas. Doc. 8; Doc. 20. On October 3, 2018, the eve of a scheduled pretrial conference and while those motions were still pending, the parties filed an *Agreed Motion to Transfer Venue and Stay Pending Deadlines*, requesting transfer of the case to the Lufkin Division of the Eastern District of Texas. Doc. 38.

On October 24, 2018, however, Plaintiffs' counsel advised the Court via email and telephone that Plaintiffs no longer agreed to the transfer and that counsel would be filing an emergency motion to that effect on the same date. After counsel failed to do so, the Court entered the following order:

> Plaintiffs are **GRANTED** until October 30, 2018 to file a motion for leave to file an out-of-time response to Nagadoches County Defendants' Motion to Transfer Venue, Doc. 8, with the proposed response attached thereto as required by the Northern District of Texas' Local Civil Rules.

Doc. 44 (emphasis in original). Without obtaining leave to do so, Plaintiff filed an untimely response on October 31, 2018, which fails to comply with the Court's order, references nonexistent attachments which they claim establish proof that venue is proper in this Court, and includes as exhibits documents that are not competent evidence of that fact. Doc. 45, *et seq*. Several Defendants have since filed their objection, Doc. 46, and reply, Doc. 47.

Upon review of the relevant motions and responses, it appears that, of the more than 35 named Defendants, well over 30 reside in the Eastern District of Texas and more than 25 of them in Nagadoches County. The only party that resides in this district is Plaintiff Lyveria Hopson-Lloyd, a resident of Dallas. Moreover, it is apparent from Plaintiffs' pleadings that virtually all the events giving rise to Plaintiffs' causes of action occurred in Nagadoches County.

The Court takes judicial notice of the fact that Nagadoches County lies within the boundaries of the Lufkin Division of the Eastern District of Texas. 28 U.S.C. § 124(c)(6). Thus, venue is not proper in the United States District Court for the Northern District of Texas.

A civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been

2

brought. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *see also Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (a district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice). Under the facts and circumstances presented here, the Court concludes that it is in the interest of justice to transfer this case to the Eastern District of Texas, rather than dismiss it.

Accordingly, this case should be transferred to the United States District Court for the Eastern District of Texas, Lufkin Division, where the events at issue occurred and where the vast majority of Defendants are located.

**SO RECOMENDED** on November 7, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

3